IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Stanley Glance, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 8520 |
| | ) | |
| Frederick J. Hanna & Associates, P.C., | ) | |
| a Georgia professional corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Stanley Glance, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Stanley Glance ("Glance"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt he owed for a Chase Bank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant Hanna was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. From its offices in Georgia, Defendant Hanna operates a nationwide collection law firm that sends collection letters to virtually every State, including to thousands of consumers in the State of Illinois.

## FACTUAL ALLEGATIONS

6. Mr. Glance is a senior citizen, with limited assets and income, who fell behind on paying his bills. When Defendant Hanna began trying to collect a delinquent Chase Bank debt from Mr. Glance, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Hanna's collection actions.

7. On July 21, 2011, one of Mr. Glance's attorneys at LASPD told Defendant Hanna, in writing, that Mr. Glance was represented by counsel, and directed Defendant Hanna to cease contacting him, and to cease all further collection activities because Mr. Glance was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit A.

8. Nonetheless, Defendant Hanna sent a collection letter, dated July 28, 2011, directly to Mr. Glance, which demanded payment of the Chase Bank debt. A copy of this letter is attached as Exhibit B.

9. Accordingly, on September 19, 2011, one of Mr. Glance's LASPD attorneys had to write to Defendant Hanna again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. All of Defendant Hanna's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Hanna's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Mr. Glance's agent, LASPD, told Defendant Hanna to cease communications and cease collections (Exhibit A). By continuing to communicate regarding this debt and demanding payment (Exhibit B), Defendant Hanna violated § 1692c(c) of the FDCPA.

15. Defendant Hanna's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Hanna knew that Mr. Glance was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit A), that he was represented by counsel, and had directed Defendant Hanna to cease directly communicating with Mr. Glance. By directly sending Mr. Glance a collection letter (Exhibit B), despite being advised that he was represented by counsel, Defendant Hanna violated § 1692c(a)(2) of the FDCPA.

19. Defendant Hanna's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Stanley Glance, prays that this Court:

1. Find that Defendant Hanna's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Glance, and against Defendant Hanna, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Stanley Glance, demands trial by jury.

                                                                Stanley Glance,

                                                                By: /s/ David J. Philipps
                                                                One of Plaintiff's Attorneys

Dated: November 30, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com